<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 10-3764

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Sep 16, 2011**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| DANNY L. PARROTT, | ) |
| Defendant-Appellant. | ) |

O R D E R

Before: GILMAN, KETHLEDGE, and STRANCH, Circuit Judges.

Danny L. Parrott appeals the district court's judgment sentencing him to twenty-one months in prison. The parties have waived oral argument and we unanimously agree that oral argument is not needed in this case. Fed. R. App. P. 34(a).

A jury found Parrott guilty on two counts of conspiring to sell and transport deer in violation of state and federal law and twelve counts of violating the Lacey Act. *See* 16 U.S.C. § 3372. The district court determined that Parrott's total offense level was 20 and his criminal history category was I, resulting in a guidelines range of imprisonment of 33 to 41 months. The district court varied downward, however, based on Parrott's age and health and sentenced him to 21 months in prison followed by six months of home confinement.

On appeal, Parrott argues that there was insufficient evidence to support his convictions and that the district court improperly considered his failure to plead guilty when selecting the sentence.

We review de novo a challenge to the sufficiency of the evidence supporting a criminal conviction. *United States v. Howard*, 621 F.3d 433, 459 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1623 (2011). When reviewing sufficiency-of-the-evidence claims, a court must determine "whether,

Case: 10-3764     Document: 42-1     Filed: 09/16/2011     Page: 2

No. 10-3764
- 2 -

after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

> The essential elements of a conspiracy are: (1) the conspiracy described in the indictment was wil[l]fully formed, and was existing at or about the time alleged; (2) that the accused willfully became a member of the conspiracy; (3) that one of the conspirators thereafter knowingly committed at least one overt act charged in the indictment at or about the time and place alleged; and (4) that such overt act was knowingly done in furtherance of some object or purpose of the conspiracy as charged.

*United States v. Kraig*, 99 F.3d 1361, 1368 (6th Cir. 1996).

Parrott argues that there was insufficient evidence to convict him of conspiracy because the prosecution failed to prove that he knowingly agreed to export deer from Ohio or that he knowingly agreed to ship deer to South Carolina. Parrott also argues that there was insufficient evidence to convict him of violating the Lacey Act because (1) there was no evidence that he bought or sold wildlife in interstate commerce; (2) there was no evidence that he knowingly violated the law; and (3) the deer were not "wildlife" under the Act. Parrott also argues that his due process rights were violated because the agent that began the federal investigation had a personal interest in acquiring his property.

Given the testimony against Parrott, a rational trier of fact could have found that he knowingly agreed to illegally export deer to South Carolina and that he sold wildlife in interstate commerce. And Parrott's knowledge that deer were being illegally exported was sufficient to convict him under the Lacey Act even if he was not aware of the particular law being violated. *See United States v. Santillan*, 243 F.3d 1125, 1129 (9th Cir. 2001). Parrott's claim that the deer did not constitute "wildlife" under the Lacey Act lacks merit because the Act covers any wild animal, including those born and bred in captivity. *See* 16 U.S.C. § 3371(a); *United States v. Bernal*, 90 F.3d 465, 467 n.4 (11th Cir. 1996). Parrott has not demonstrated that the investigating agent's personal interest in his property tainted the investigation or otherwise caused him unfair prejudice that resulted in a denial of due process.

Parrott argues that his sentence was substantively unreasonable because the district court improperly considered his failure to plead guilty when selecting its sentence. We review a sentence for substantive reasonableness using the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (internal quotation marks and alterations omitted). We apply a rebuttable presumption of reasonableness to a within-Guidelines sentence, *see United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), and a defendant's burden to demonstrate that a below-Guidelines sentence was unreasonable is even more demanding, *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

Before announcing its sentence, the district court reviewed the relevant § 3553(a) factors, including the seriousness of the offense, Parrott's personal characteristics, the need to afford adequate deterrence, and the need to avoid unwarranted sentencing disparities. Although the district court did mention that Parrott failed to plead guilty, it was in the context of explaining that other defendants who committed similar crimes had received lesser sentences than Parrott's guidelines recommendation because those defendants pleaded guilty and their offenses included far fewer deer. When viewed in context, the district court's acknowledgment that Parrott failed to plead guilty does not demonstrate that the court based its sentence on an impermissible factor. As a result, Parrott's sentence was substantively reasonable.

Accordingly, we affirm the district court's judgment.

ENTERED BY ORDER OF THE COURT

Clerk